IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANELLE L. BARLASS,

                                                                  ORDER

                Plaintiff,

                                                  12-cv-256-slc[1]

     v.

CITY OF JANESVILLE and YURI RASHKIN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief brought under 42 U.S.C. § 1983, plaintiff Janelle L. Barlass alleges that on February 23, 2011, defendant Yuri Rashkin, a councilperson for defendant City of Janesville, asked the owner of a bar in Janesville to escort plaintiff out of the bar.  The security staff escorted plaintiff to the door and told her that she had to leave "upon Councilman Yuri's request."  Plaintiff contends that Rashkin was retaliating against plaintiff for statements she made two years earlier at a city council meeting at which Rashkin was present.  At the meeting, plaintiff told the city council that she believed that her bar had been a target of discrimination.

Because plaintiff is proceeding under the in forma pauperis statute without prepayment of costs, I must screen her complaint and dismiss any claims that are legally

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). After reviewing plaintiff's allegations, I conclude that she has failed to plead enough facts to state a plausible claim for relief under the First Amendment, as required by Fed. R. Civ. P. 8 and discussed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Therefore, I am dismissing plaintiff's complaint.

DISCUSSION

To state a First Amendment retaliation claim, plaintiff must plead sufficient facts to support an inference that (1) she was engaged in constitutionally protected speech; (2) a public official took adverse actions against her that would likely deter her from engaging in First Amendment activity in the future; and (3) the adverse actions were motivated at least in part as a response to plaintiff's protected speech. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009); Mosely v. Board of Education of Chicago, 434 F.3d 527, 533 (7th Cir. 2006).

Plaintiff's allegations satisfy only the first factor of a retaliation claim. Her statements at a 2009 city council meeting related to discrimination are likely to qualify as speech protected by the First Amendment. However, plaintiff has alleged no facts connecting her speech at the meeting to defendant Rashkin's actions at a bar nearly two years later. Plaintiff does not allege that she made any statements at the council meeting regarding

Rashkin specifically or that anything about her statements would motivate Rashkin to have plaintiff removed from a bar years later.

Additionally, I am not persuaded that simply "escorting" someone out of a bar is a sufficiently adverse action to deter a person from exercising his right to speak about discrimination at a city council meeting. Surita v. Hyde, 665 F.3d 860, 878 (7th Cir. 2011) (alleged retaliation does not provide basis for lawsuit under § 1983 unless it "would likely deter a person of ordinary firmness from continuing to engage in protected activity"). Although the alleged incident was understandably embarrassing for plaintiff, her allegations suggest it was only a brief and one-time incident.

Finally, it is not clear why plaintiff has named City of Janesville as a defendant in this case. Although a municipality may be sued for First Amendment violations, it may be sued only for its own wrongdoing. In other words, agency principles do not apply to constitutional claims; a plaintiff must show that a municipality had an unconstitutional policy. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). Plaintiff's complaint contains no allegations about an unconstitutional policy of City of Janesville.

Although pleading standards are liberal, they do not allow plaintiff to rely on conclusory allegations or "a mere speculative possibility" that the plaintiff is entitled to relief. Abcarian v. McDonald, 617 F.3d 931, 937-38 (7th Cir. 2010). Because "[t]he amended complaint fails to show that it is at all plausible, rather than perhaps theoretically possible,"

3

id., that defendant Rashkin violated plaintiff's rights, I am dismissing the complaint.

When district courts dismiss a complaint for failing to state a claim, the general rule is to allow the plaintiff to file an amended complaint in an attempt to fix the deficiencies. Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). In this case, it seems highly unlikely that plaintiff can save her claim with additional allegations, but I cannot say that it would be impossible for her to do so. Accordingly, I will dismiss the complaint without prejudice to her refiling a corrected version.

ORDER

IT IS ORDERED that plaintiff Janelle Barlass's complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiffs may have until May 7, 2012, to file an amended complaint. If plaintiff does not respond by that date, the clerk of court is directed to enter judgment in favor of defendants Yuri Rashkin and City of Janesville and close this case.

Entered this 24th day of April, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge